IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **TRAVIS A. HAMBY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 6:21-cv-10 |
| | § | |
| | § | JURY DEMANDED |
| | § | |
| **SANDERSON FARMS, INC.** | § | |
| **(Production Division)** | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Travis Hamby hereby files this, his Original Complaint, against Defendant Sanderson Farms, Inc. (Production Division) for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I.     PARTIES, JURISDICTION AND VENUE

1.     Plaintiff Travis Hamby ("Plaintiff" or "Hamby") is currently a citizen and resident of Palestine, Texas.

2.     Defendant Sanderson Farms, Inc. (Production Division) ("Sanderson Farms" or "Defendant") is a Mississippi corporation licensed to do business in Texas. Defendant's main offices are located at 127 Flynt Road, Laurel, Mississippi 39443.

3.      Defendant Sanderson Farms, Inc. will be served by and through its registered agent for service, CT Corporation System, 1999 Bryan St #900, Dallas, TX 75201.

4.     This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343 as Plaintiff is claiming violations of the Family Medical Leave Act 29 U.S.C. §2601, *et seq*. Jurisdiction of this Court is further invoked pursuant to the Employee Income

Retirement Security Act, 29 U.S.C. §1001 *et. seq*. [ERISA];

5. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

6. Most of the acts alleged herein occurred in Freestone County, Texas.

## II. FACTUAL BACKGROUND

7. Plaintiff was employed by Defendant as a mechanic in the position of Master Skill Maintenance II and worked out of the Sanderson Farms feed mill located in Oakwood, Freestone County, Texas. Plaintiff was hired January 1, 2019 and was terminated on November 23, 2020 while he was out on protected leave under the Family Medical Leave Act ("FMLA").

8. Plaintiff suffered an on-the-job injury on October 9, 2020. Plaintiff suffered a torn meniscus in his right knee. Prior to this injury, Plaintiff has passed his DOT physical in earlier in 2020.

9. Defendant does not provide worker's compensation insurance to its employees. Rather, it covers employee injuries under an employee injury benefit plan governed by ERISA.

10. As a result of the *right* knee injury, Plaintiff requested leave under the FMLA for purposes of having knee surgery on November 17, 2020. Plaintiff submitted documentation regarding his need for FMLA leave on November 23, 2020 form Azalea Orthopedic in Tyler, Texas. The medical certification from Dr. Wupperman estimated Plaintiff's period of incapacity from four to six weeks in which he should avoid bending, squatting or climbing, which are essential functions of Plaintiff's job. The medical certification informed Defendant of Plaintiff's scheduled partial medial meniscectomy on December 4, 2020.

11. While still on his protected leave, Plaintiff was terminated on November 23, 2020, ostensibly for not having disclosed prior treatment to his *left* knee. Plaintiff contends that the reason for termination is false and a pretext for retaliation against Plaintiff for requesting and receiving benefits under the FMLA. Moreover, Defendant failed to return Plaintiff to his position at the close

of his FMLA-protected leave.

12. Prior to Plaintiff's termination by Defendant, he had worked for Defendant for more than twelve (12) months, and for more than 1,250 hours during that twelve-month period.

13. Defendant employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of, the location where Plaintiff worked.

14. Plaintiff had not taken twelve (12) weeks off work for a serious health condition, or otherwise, during the twelve-month period prior to (a) the onset of his serious health condition, or (b) the time of his termination.

15. Defendant's employee injury plan is an 'employee welfare benefit plan' as defined in 29 U.S. Code § 1002 and 29 CFR § 2510.3-3. Defendant is engaged in commerce and its employee injury plan is therefore covered by ERISA. Plaintiff is a participant in an ERISA benefit plan and has been denied benefits under Defendant's employee injury plan. See: 29 U.S.C. §1003.

### III.     CAUSES OF ACTION

#### A.     FAMILY MEDICAL LEAVE ACT VIOLATION

16. Plaintiff realleges and incorporates the allegations contained in all preceding Paragraphs as if fully stated herein.

17. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et. seq.

18. Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

19. During the time that Plaintiff was employed by Defendant, in 2020, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

20. While Plaintiff was employed by Defendant, Plaintiff had an illness that can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11).

21. Plaintiff was entitled to medical leave for his own serious health condition as

provided for in the FMLA (in 29 U.S.C. § 2612(a)(1)(C)).

22. Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)), Defendant terminated Plaintiff's employment for taking this medical leave.

23. Defendant terminated Plaintiff's employment for the time he was forced to take off work to care for his serious health condition, which violates the protections of the FMLA as outlined in 29 U.S.C. § 2615(a).

24. Defendant did not properly request additional information or a proper certification from the employee for his FMLA qualifying leave nor did Defendant provide Plaintiff with an adequate written warning or sufficient time to provide additional documentation, which violates the protections of the FMLA as outlined in 29 C.F.R. § 825.208(a)(2) and 29 U.S.C. § 2613.

25. As a result of Defendant's violations of the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

26. As a result of this willful violation of the FMLA, Plaintiff requests that he be awarded all damages, to which he is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest. In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also requests any additional equitable relief to which he is entitled.

27. Plaintiff also requests reasonable attorney's fees and court costs.

### B. ERISA CLAIM

28. Plaintiff incorporates all prior paragraphs of this complaint herein.

29. Defendant maintains employee health and welfare benefit plan as such plans are

defined in 29 U.S.C. §1002(1) and (3). ERISA Section 510 (29 U.S. Code § 1140) prohibits interference with benefits and retaliation for a participant's exercise of rights under ERISA and/or an ERISA plan.

30. Plaintiff alleges that Defendant engaged in a continuing course of conduct to prevent Plaintiff from accrual or receipt of benefits for himself under Defendant's health benefit plan under ERISA in violation of 29 U.S.C. 1140 (§510), by discriminating against him in the terms, conditions, and privileges of his employment and by discharging him on or about November 23, 2020.

31. Plaintiff institutes this suit for relief seeking to enforce his ERISA rights pursuant to ERISA §502(a)(1)(B).

32. Plaintiff requests recovery of his attorney's fees and costs. See 29 U.S.C. § 1132(g)(1).

## IV.  JURY DEMAND

33. Plaintiff requests trial by jury on all claims for which a jury trial is available.

## V.  PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

   a. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

   b. Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

   c. An order that Defendant take such other and further actions as may be necessary to redress Defendants' violation of the FMLA;

   d. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

   e. Costs of suit, including attorney's fees;

  f.  The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

          Respectfully submitted,

          <u>/s/ *William S. Hommel, Jr.*</u>
          William S. Hommel, Jr.
          State Bar No. 09934250
          Hommel Law Firm
          5620 Old Bullard Road, Suite 115
          Tyler, Texas 75703
          903-596-7100 Telephone and Facsimile

          ATTORNEY FOR PLAINTIFF